IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARK BUTCHER,                                  )
on behalf of himself and on behalf of a        )
class of similarly situated individuals,       )
                                               )
            Plaintiff,                         )
                                               )
    v.                                         )     1:08CV207
                                               )
DAIMLERCHRYSLER COMPANY,                       )
LLC and CHRYSLER, LLC,                         )
                                               )
            Defendants.                        )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the motion of Defendant Chrysler LLC (f/k/a DaimlerChrysler Company, LLC) ("Chrysler")[1] to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. (Docket No. 6.) Plaintiff has opposed the motion. (Docket No. 8). Defendant has filed a reply. The motion is ready for a ruling.

**Procedural Background**

Plaintiff filed this action on March 26, 2008, on behalf of himself and a putative class of "[a]ll consumers who purchased or leased a 2007 Dodge Ram 1500 from Defendants or any of Defendants' authorized dealerships in the state of North Carolina." (Compl. ¶ 3.) The

---

[1] Effective July 30, 2007, DaimlerChrysler Company, LLC was renamed Chrysler LLC, and there really is only a single defendant in this case. Plaintiff's Complaint acknowledges this. (Docket No. 1, Complaint ("Compl.") ¶¶ 3, 6.)

Complaint alleges that the Dodge Ram vehicles have a "vibration defect" that manifests as an "annoying and unsafe vibration and rattling of [the] vehicle when driving between 40 and 70 miles per hour." (*Id.* ¶ 1.) The legal theories of recovery relied upon by Plaintiff include: (1) breach of express warranty under North Carolina law; (2) violation of the Magnuson-Moss Warranty Act; and (3) violation of North Carolina's Unfair and Deceptive Trade Practices Act.

**Factual Background**

Plaintiff Mark Butcher, a resident of Graham, North Carolina, purchased a Dodge Ram 1500 in November 2007 from a North Carolina Chrysler dealership. (Compl. ¶ 14.) Plaintiff alleges that, within weeks of purchasing the vehicle, he noticed an "annoying and unsafe vibration and rattling when traveling between approximately 40 and 70 miles per hour." *Id.* ¶ 14. Plaintiff brought the vehicle to Hendrick Dodge in Cary, North Carolina and notified them of the problem. Hendrick Dodge was not able to address Plaintiff's concerns. (*Id.*) In or about March 2008, with the odometer registering 2,700 miles, Plaintiff brought the vehicle to Nichols Dodge, a Chrysler dealership located in Burlington, North Carolina, complaining of the same problem. Following inspection, the dealership's service department performed a "road force tire balancing." (*Id.*) The dealership advised that the tire balancing helped, but would not eliminate the vibration problem. (*Id.*)

On March 20, 2008, Plaintiff contacted Chrysler's warranty department pursuant to the procedures set forth in the warranty handbook. (*Id.* ¶ 15.) According to Plaintiff,

-2-

Case 1:08-cv-00207-NCT-PTS   Document 13   Filed 07/29/08   Page 2 of 11

"Chrysler did not offer any assurances that his vehicle would be repaired or that he would receive restitution of any kind." (*Id.*) The following day, Plaintiff's attorney wrote a letter to Chrysler advising, among other things, that Plaintiff intended to sue on behalf of a class of similarly situated owners and lessees of the 2007 Dodge Ram 1500. (*Id.*)

Plaintiff cites at least two express warranties in his Complaint: "a uniform, written 36-month/36,000 mile express warranty" and "a uniform, written lifetime powertrain warranty." (Compl. ¶ 18.) The express limited warranty provides that Chrysler will cover "the cost of all parts and labor needed to repair any item on your truck . . . that is defective in material, workmanship or factory preparation," excluding defects in tires and headphones. (Docket No. 7, Def.'s Br. in Supp. of Mot. to Dismiss ("Def.'s Br."), Ex. A at 5.) Plaintiff also references advertising representations that the Dodge Ram 1500 is "built for the long haul," is "one of the best handling trucks on or off the road," and that the ride is "smooth, reliable, and Ram tough." (Compl. ¶ 20.) Plaintiff maintains that Chrysler knows that the 2007 Dodge Ram 1500 is defective and that Plaintiff provided Chrysler with notice of the defect, but that Chrysler "concealed the vibration defect and refused to repair the vibration defect in class vehicles, including Plaintiff's vehicle." (*Id.* ¶¶ 32, 33, 34, 40, 42, 44.) Plaintiff further alleges that it is futile for class members to continue to bring their vehicles to Chrysler dealerships for repairs because Chrysler refuses to fix the problem. (*Id.* ¶¶ 20-21.)

Plaintiff seeks legal and equitable relief on behalf of himself and the class, including damages, specific performance, rescission, restitution, disgorgement of profits, and attorney's fees and costs. (*Id.* ¶¶ 35, 46, 53, and Prayer for Relief.)

## Analysis

Defendant moves to dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the Complaint. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). In considering a Rule 12(b)(6) motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). In order to survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 1974. In deciding a motion to dismiss under Rule 12(b)(6), the court's

-4-

Case 1:08-cv-00207-NCT-PTS   Document 13   Filed 07/29/08   Page 4 of 11

review is limited to the Complaint and those documents attached to the Complaint or incorporated therein by reference. [2]

### A. Breach of Express Warranties (Counts I and II)

In Counts I and II, Plaintiff alleges that Chrysler is liable for breach of express warranty under state (Count I) and federal (Count II) law. Chrysler argues that Plaintiff's breach of express warranty claims should be dismissed because Plaintiff's pleadings are deficient with respect to (1) the existence of an identifiable defect and (2) notice to the warrantor and a reasonable opportunity to cure. Plaintiff opposes the motion.

In order to recover for breach of express warranty under state or federal law, Plaintiff must allege that a defect exists, that a warranty covered the item, and that the seller breached the warranty. N.C. Gen. Stat. § 25-2-313 (2007); 15 U.S.C. § 2310(d) (West 1998 & Supp. 2008.) Plaintiff alleges that an express limited warranty exists that provides that Chrysler will "cover the cost of all parts and labor needed to repair any item on your truck . . . that is defective in material, workmanship or factory preparation," excluding defects in tires and

---

[2] Since Plaintiff explicitly references the written warranty in his Complaint (Compl. ¶ 18), the Court can consider it in deciding the motion to dismiss, without converting the motion to a summary judgment motion. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

headphones. (Def.'s Br., Ex. A at 5.)[3] Defendant maintains that because Plaintiff cannot identify the exact item that is causing the alleged vibration problem, he has not satisfied the pleading requirements for a "defect." However, the North Carolina Supreme Court, considering a similar claim arising from the lease of a vehicle, recognized that "there is no statutory requirement . . . that the buyer in all cases prove the cause of nonconformity or identify any specific mechanical defect related to the nonconformity." *Taylor v. Volvo N. Am. Corp.,* 339 N.C. 238, 251, 451 S.E. 2d 618, 625 (1994) (affirming judgment in favor of the plaintiff, finding that the plaintiff produced sufficient evidence of nonconformity with warranty where he showed that car had a shimmy or vibration). The plaintiff in *Taylor* was unable to show the precise mechanical defect underlying the shimmy and clicking, but the evidence suggested that the shimmy and clicking were not caused by the ordinary wear of parts and, based upon statements made by a regional parts and service manager, were likely tied to the braking system.[4]

---

[3] Plaintiff also references advertising representations such as Chrysler's representation that the Dodge Ram 1500 is "built for the long haul," is "one of the best handling trucks on or off the road," and that the ride is "smooth, reliable, and Ram tough." (*Id.* ¶ 20.) The parties do not address, and the Court need not determine for purposes of this motion, whether these statements amount to express warranties.

[4] Except in specific instances in which the Magnuson-Moss Warranty Act expressly prescribes the regulating rule, the Act calls for application of state written and implied warranty law. *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1013-14 (D.C. Cir. 1986).

The *Taylor* case, though perhaps distinguishable in some respects from this case, nevertheless makes clear that whether allegations or evidence are sufficient to establish nonconformity with a warranty is an issue dependent on the facts of each case. Here, Plaintiff has alleged that the vibration problem manifested soon after he purchased the new vehicle, efforts to address it by adjusting the tires failed, and the dealerships, while recognizing the existence of the problem, said that they were unable to repair it.

The Court finds Plaintiff's allegations sufficient, although barely, at the pleading stage on the issue of defect.[5] Plaintiff alleges excessive vibration experienced at speeds above 40 miles per hour in a vehicle that he had purchased only weeks before noticing the problem. That neither Plaintiff nor two Chrysler dealerships were unable to identify the source of the vibration does not defeat Plaintiff's claim at this early stage. The warranty is broad enough in its language to render Plaintiff's claim of nonconformity more than speculative at the pleading stage. Although Defendant attempts to distinguish the *Taylor* case, the *Taylor* case in fact offers ample basis for denial of Defendant's motion. Notably, the *Taylor* case was tried to judgment, whereas here Defendant moves to dismiss at the pleading stage. Construing the allegations in the light most favorable to Plaintiff, Plaintiff

---

[5] The limited specificity as to the nature of the "defect" is a matter the parties should address in the context of the commonality of factual issues if Plaintiff proceeds with his motion for class certification in this case.

has sufficiently pled the presence of a defect that could support liability under a breach of warranty theory.

Defendant further argues that Plaintiff's allegations are deficient with regard to Plaintiff's notice to the warrantor and the extension of an opportunity to cure. Under both the federal Magnuson-Moss Act and North Carolina law, a consumer must provide the seller with notice of any alleged breach of warranty and allow reasonable time for the seller to cure the alleged defect before he is entitled to file suit. *See Walsh,* 807 F.2d at 1013-14. *See* 15 U.S.C. § 2310 (West 1998 & Supp. 2008) (named plaintiff in class action must provide the person obligated under the warranty "a reasonable opportunity to cure [the alleged] failure"); N.C. Gen. Stat. § 25-2-607 (1997) (consumer must notify the seller of "the [alleged] breach or be barred from any remedy."); *Halprin v. Ford Motor Co.*, 107 N.C. App. 423, 426, 420 S.E.2d 686, 688-89 (1992) (once a buyer accepts a seller's tender, he must notify seller of alleged breach of warranty within reasonable time of discovery of any defect and allow the seller opportunity to remedy said defect). Policies underlying the notice requirement include providing the seller with reasonable opportunity to cure the defect or otherwise minimize its damages, and to allow the seller to prepare for litigation. *Maybank v. S.S. Kresge Co.*, 302 N.C. 129, 134, 273 S.E.2d 681, 684 (1981) (citations omitted).

Whether a plaintiff has provided notice and reasonable opportunity to cure are questions of fact that ordinarily must be determined by the trier of fact, but may be decided as a matter of law when the facts are undisputed and only one inference can be drawn as to

the reasonableness of the notice. *Id.* at 134; *Hebron v. Am. Isuzu Motors, Inc.*, 60 F.3d 1095, 1098 (4th Cir. 1995). Plaintiff has alleged that he presented his vehicle to at least two authorized dealerships for inspection and repair of the vibration problem on at least two occasions, within months of purchasing the vehicle. (Compl. ¶¶ 1, 14, 15.) Aside from one dealership's balancing of the tires, no measures were taken to eliminate the problem, and the Burlington, North Carolina dealership acknowledged the problem but indicated that it could not eliminate it. (*Id.*) Unsatisfied with these efforts, Plaintiff contacted Chrysler's warranty department by telephone on March 20, 2008. (*Id.* ¶ 15.) Chrysler advised Plaintiff that it "could make no assurances" concerning repairs to the vehicle or restitution. (*Id.*) Defendant does not deny these basic facts, but claims that Plaintiff was too hasty in contacting an attorney and filing suit within a week of contacting Chrysler. However, the cases cited by Defendant in support of its argument are distinguishable from this case. In the cases cited by Defendant, the plaintiff either waited too long before complaining of a defect or pursued litigation in spite of assurances that the problem would be fixed. In this case, Plaintiff alleges that he advised two dealerships and the manufacturer of the problem, accepted one dealership's statement that it could not repair the defect, and was advised by the manufacturer that it could make no assurances about repairs or restitution. While the progression of events was surprisingly fast once Plaintiff contacted his attorney, and may raise a substantial jury question as to the reasonableness of the opportunity to cure that was extended to Defendant Chrysler, the Court cannot find *as a matter of law* that Plaintiff failed

-9-

to allow a reasonable opportunity to cure the alleged defect. *See Watson v. Fleetwood Motor Homes of Indiana, Inc.*, No. 1:06cv275, 2007 WL 2156351, at *2 (W.D.N.C. July 24, 2007) (summary judgment denied where Plaintiff provided Defendant with multiple opportunities to fix areas of material concern).

Plaintiff has sufficiently pleaded for Rule 12(b)(6) purposes the existence of a defect and the provision of adequate notice to Chrysler and a reasonable opportunity for Chrysler to address the problem, and Defendant's motion to dismiss the breach of warranty claims should be denied.

### B. Unfair and Deceptive Trade Practices (Count III)

In Count III of his Complaint, Plaintiff alleges that despite Chrysler's knowledge of the alleged vibration defect, Chrysler concealed those problems, in violation of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1, *et seq.* Citing *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 625-26 (M.D.N.C. 2006), Chrysler argues that Plaintiff's claim for unfair and deceptive trade practices fails as a matter of law because he alleges only economic losses and lacks privity with Chrysler. In *Bussian*, the Court held that according to the "economic loss rule," the purchaser of an allegedly defective product is prohibited from using tort law, including the UDTPA, to recover purely economic losses. *Id.* at 625. Where the allegations involve a defective product, and the only damage alleged is to the product itself, dismissal is appropriate. *Id.* at 627.

-10-

Plaintiff attempts to escape application of the economic loss rule in this case by arguing that his UDTPA claim is alleged in the *alternative* to his contract claims. The Court is unpersuaded. It is clear from the pleadings that Plaintiff's UDTPA claim is intertwined with allegations of a product defect, and he seeks damages only related to the product itself. While Plaintiff attempts to characterize his alternative claim as one for "concealment" of information by Chrysler, the only information he alleges to be concealed is that related to *a product defect*. Plaintiff has pleaded no allegations that could stand separate and apart from the alleged product defect. His UDTPA claim thus falls squarely within the Court's rationale in *Bussian*, and should be dismissed.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Docket No. 6) be denied as to Plaintiff's claim for breach of express warranties (Counts I and II). **IT IS FURTHER RECOMMENDED** that Defendant's motion to dismiss (Docket No. 6) be granted as to Plaintiff's claim for violation of the North Carolina Unfair and Deceptive Trade Practices Act, and that this claim be dismissed with prejudice.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: July 29, 2008